UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISAAC S. MEDINA, individually
and on behalf of all others
similarly situated,

        NO. CIV. S-11-2809 LKK/KJN

    Plaintiffs,

 v.                                O R D E R

PERFORMANCE AUTOMOTIVE GROUP,
INC., a California Corporation,
dba ELK GROVE FORD; PATELCO
CREDIT UNION, a California
Corporation; CHRYSLER GROUP,
LLC; and DOES 1 through 10,
inclusive,

    Defendants.
_____/

This case arises out of Defendant Performance Automotive Group, Inc.'s sale of a vehicle to Plaintiff. Plaintiff specifically contests Defendant's alleged practice of backdating multiple Retail Installment Sale Contracts in the process of a single transaction, and Defendant's alleged failure to make proper disclosures and representations during the course of his sales transaction in particular.

Pending before the court are Plaintiff's motion to remand, Pl's Mot., ECF No. 15, and Defendants' motion to compel arbitration and to strike class action claims, Defs' Mot., ECF No. 8. For the reasons set forth herein, the court GRANTS Plaintiff's motion to remand, and thus, the court lacks the subject matter jurisdiction to hear Defendant's motion to compel arbitration and to strike class action claims.

## I. BACKGROUND

**A. Plaintiff's Complaint**

On September 9, 2011, Plaintiff Isaac S. Medina filed a claim, individually and on behalf of all others similarly situated, against Defendant Performance Automotive Group, Inc. ("Elk Grove Ford"), Defendant Patelco Credit Union, Defendant Chrysler Group, LLC, and other unnamed defendants in the Superior Court of Sacramento County, alleging unlawful and deceptive business practices in violation of California's financial disclosure laws. Def's Not., Ex. A (Pl's Compl.).

As a basis for his class action claims, Plaintiff alleges that, over the past four years, many customers have purchased a vehicle from Defendant Elk Grove Ford and entered into multiple Retail Installment Sale Contracts ("RISC") for the vehicle, where the final RISC that the consumer entered into was illegally backdated to the date of the first RISC. Id. at 1. Plaintiff alleges that, by backdating the final RISCs, Elk Grove Ford failed to make proper financial disclosures on the RISCs and that consumers are illegally charged an undisclosed interest

1  amount from the date of the initial RISC, instead of the
2  consummation date of the final RISC, which results in
3  undisclosed and illegal finance charges. Id.
4      As the basis for his individual claims, Plaintiff alleges
5  that, during the transaction for the purchase of a car,
6  Defendant Elk Grove: (1) failed to properly disclose that a
7  portion of his down payment was being deferred until a later
8  date; (2) falsely represented the amount of the down payment in
9  his contract; (3) misrepresented the vehicle's features or
10 equipment; (4) failed to provide Plaintiff with a copy of his
11 signed credit application; and (5) failed to provide Plaintiff
12 other disclosures required under California law. Id. at 1-2.
13     Because Plaintiff's RISC was assigned by Elk Grove Ford to
14 Defendant Patelco Credit Union ("Patelco") after the date of
15 purchase, Plaintiff alleges that Patelco is subject to all
16 claims and defenses of Plaintiff against Elk Grove Ford. Id. at
17 2.
18     Plaintiff brings his suit under: (1) the Automobile Sales
19 Finances Act ("ASFA"), CAL. CIV. CODE § 2981, et seq.; (2) the
20 Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1750, et
21 seq.; (3) the Unfair Competition Law ("UCL"), CAL. BUS. & PROF.
22 CODE § 17200, et seq.; and (4) the Song-Beverly Consumer Warranty
23 Act, CAL. CIV. CODE § 1790, et seq. See id. at 2, 17-29.
24     In paragraphs 100 and 101 of his second cause of action,
25 titled "Action for Rescission of Conditional Sales Contract for
26 the Sale of Goods Pursuant to Civil Code § 1689(b) for Violation

1 of the Automobile Sales Finance Act, [Cal.] Civil Code Section
2 2981, et seq.", Plaintiff alleges:

> By backdating the subsequent RISC to the date of the now-rescinded original RISC, thereby charging interest before consumation, Elk Grove Ford violated Civil Code Section 2982(a), which requires all conditional sales contracts to comply with the disclosure requirements of Regulation Z. . . . By backdating the final RISC to the date of the original RISC, Elk Grove Ford overstated the payment that was due for the annual percentage rate shown on the contract. The actual annual percentage rate, based on a contract consummation date of the final RISC, may have varied from the disclosed annual percentage rate by more than Regulation Z permits. Likewise, the actual finance charges, based on a contract consummation date of the final RISC, may have varied from the disclosed finance charge by more than Regulation Z permits.

Id. at 20.

**B. Removal to District Court**

On October 24, 2011, Defendant Performance Automotive Group, Inc. d.b.a. Elk Grove Ford ("Elk Grove Ford") filed a notice of removal, arguing that the district court has federal question jurisdiction in this case because: (1) the California Automobile Sales Finance Act ("ASFA") "simply requires compliance with a federal statute, Regulation Z . . . [which] is issued by the . . . Federal Reserve System to implement the federal Truth in Lending Act"; and (2) the Retail Installment Sale Contract that is the subject of Plaintiff's claims "contains an arbitration clause requiring all disputes relating to the contract to be arbitrated, and that the arbitration clause 'shall be governed by the Federal Arbitration Act'." Def's Not., ECF No. 2, at 2-3.

4

1   On November 16, 2011, Plaintiff filed the motion to remand presently before the court, arguing, inter alia, that a passing reference to a single, irrelevant federal regulation does not constitute a "substantial" enough federal question to confer subject matter jurisdiction on the district court; that the Federal Arbitration Act never creates federal question jurisdiction; and that Plaintiff should be reimbursed for the fees and costs expended as a result of the Defendant's notice of removal. See Pl's Mot., ECF No. 15.

On December 5, 2011, Defendant opposed Plaintiff's motion to remand. Def's Opp'n, ECF No. 17. In addition to arguments regarding the ASFA and the Federal Arbitration Act, Defendant argued that "in order to establish liability against Patelco Credit Union . . . [Plaintiff] must prove that it is liable as the assignee of the subject contract under the Federal Trade Commission's Holder Rule." Id. at 2.[1]

**C. Motion to Compel Arbitration & Motion to Strike Class Action Claims**

On October 28, 2011, Defendants filed a motion to compel arbitration and a motion to strike Plaintiff's class action

---

[1] It is, of course, inappropriate to raise new arguments in a closing brief. Cf. Carbino v. West, 168 F.3d 32, 34 (Fed. Cir. 1999)("issues initially raised in a reply brief should not be entertained"); Frazier v. Bailey, 957 F.2d 920, 932 n.14 (1st Cir. 1992)("arguments raised in a reply brief are insufficient to preserve a claim for appeal"); Reynolds v. East Dyer Dev. Co., 882 F.2d 1249, 1253 n.2 (7th Cir. 1989)("it is improper to present new arguments in a reply brief"). Given the ease of dealing with the matter, the court will overlook the impropriety.

claims, Defs' Mot., ECF No. 8, which Plaintiff opposes, Pl's Opp'n, ECF No. 16.

## II. STANDARD GOVERNING A MOTION TO REMAND

Absent diversity jurisdiction, a defendant may only remove a complaint filed in state court when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); see Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 933-34 (9th Cir. 1994) (quoting Caterpillar). When a case is removed to federal court there is a strong presumption against federal jurisdiction, and the removing defendant always has the burden of proving that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand. Lyons v. Alaska Teamsters Employer Serv. Corp., 188 F.3d 1170, 1171 (9th Cir. 1999). A defendant may remove any state court action to federal district court if the latter court has original jurisdiction under a claim or right "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441; see also 28 U.S.C. § 1331.

Whether a cause of action arises under the Constitution, treaties or laws of the United States must be determined solely from what is contained in the plaintiff's well-pleaded complaint. Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724,

6

1  58 L.Ed. 1218 (1914). Federal jurisdiction is not proper when
2  the federal question only arises through the defendant's defense
3  or the plaintiff's necessary response thereto. Id.; Christianson
4  v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 108 S.Ct.
5  2166, 100 L.Ed.2d 811 (1988).

### III. ANALYSIS

**A. Motion to Remand**

Defendants assert that the district court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1331. There are two ways in which a federal court may obtain jurisdiction under § 1331. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).  First, jurisdiction under § 1331 extends to cases where federal law creates a cause of action within the constraints of the well-pleaded complaint. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  Here, Plaintiffs' complaint raises four causes of action based on California statutes: two causes of action are based on an alleged violation of the Consumer Legal Remedies Act; one cause of action is premised on an alleged violation of the Automobile Sales Finance Act ("ASFA"); and one cause of action is based upon an alleged violation of the Unfair Business Acts and Practices.  Because these causes of action are based on state law, as opposed to federal law, the first method of establishing § 1331 jurisdiction under the Christianson test is not met.

7

Under the second prong of the Christianson test, jurisdiction is proper where the district court has examined all of the theories under which a plaintiff may recover on a certain claim and determines that the resolution of a substantial question of federal law is *necessary* for recovery on that claim. See Christianson, 486 U.S. at 809, 108 S.Ct. 2166; Franchise Tax Bd., 463 U.S. at 28, 103 S.Ct. 2841. Whether a complaint involves a "substantial question of federal law" is a case-specific inquiry into whether "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." Franchise Tax Bd., 463 U.S. at 13, 103 S.Ct. 2841. That is, a substantial federal question exists where "a substantial, disputed question of federal law is a *necessary* element of the well-pleaded state claim" or where the plaintiff's right to relief depends on the resolution of a substantial, disputed question of federal law. Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1042 (9th Cir. 2003) (emphasis in original).

Here, Defendant Elk Grove Ford argues that resolution of Regulation Z, implementing the federal Truth in Lending Act ("TILA"); the Federal Arbitration Act; and the Federal Trade Commission's Holder Rule are all necessary for recovery on Plaintiff's claims.

**i. Federal Trade Commission's Holder Rule**

Defendant assumes that Plaintiff's claims against Patelco

1  Credit Union are "based entirely on the Federal Trade
2  Commission's Holder Clause Rule." Def's Mot., ECF No. 17, at 4.
3  Defendant's argument fails in this regard.
4       Plaintiff's complaint does not refer to the Federal Trade
5  Commission's Holder Clause Rule in pursuing claims against
6  Patelco, as the current holder of his sales contract, and
7  California law provides independent grounds for asserting claims
8  against the holder of a sales contract.
9       California Civil Code § 2983.5(a) provides:

> An assignee of the seller's right is subject to all equities and defenses of the buyer against the seller, notwithstanding an agreement to the contrary, but the assignee's liability may not exceed the amount of the debt owing to the assignee at the time of the assignment.

14 CAL. CIV. CODE § 2983.5(a). Furthermore, the express provisions
15 of Plaintiff's actual contract with Defendant Elk Grove Ford
16 provides in bold type, "Any holder of this consumer credit
17 contract is subject to all claims and defenses which the debtor
18 could assert against the seller of goods or services obtained
19 pursuant hereto." Def's Not., ECF No. 2, at Ex. 3.
20      Therefore, Plaintiff could pursue a claim against Patelco
21 based on the express provisions of his contract, thus relying
22 upon state common law principles regarding the interpretation of
23 contractual provisions, or Plaintiff could pursue a claim
24 against Patelco based on the California Civil Code.
25      Because there are state law grounds upon which Plaintiff
26 can pursue a claim against Patelco, Plaintiff's claims against

1  Patelco do not rely upon resolution of a substantial question of
2  federal law.  Thus, the second prong of Christianson is not met
3  and Defendant has failed to meet its burden of establishing
4  federal jurisdiction premised upon the FTC's Holder Rule.
5      **ii.  Regulation Z**
6      Even though Plaintiff's claim regarding the backdating of
7  RISCs is specifically premised upon the ASFA, Defendant argues
8  that "[d]etermination of whether the backdating allegation
9  amounts to a violation of Regulation Z, and thereby a violation
10 of the ASFA . . . turns on a federal question of law." Def's
11 Opp'n, ECF No. 17, 5.
12     The ASFA does reference Regulation Z, which implements the
13 Truth in Lending Act ("TILA").  See CAL. CIV. CODE § 2982 ("A
14 conditional sale contract subject to this chapter shall contain
15 the disclosures required by Regulation Z, whether or not
16 Regulation Z applies to the transaction"); CAL. CIV. CODE §
17 2982(m) ("any information required to be disclosed in a
18 conditional sale contract under this chapter may be disclosed in
19 any manner, method, or terminology required or permitted under
20 Regulation Z").  However, the fact that the federal provisions
21 was incorporated into and made a part of the state law does not
22 automatically transform an ASFA claim into a federal claim.
23 See, e.g., Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 813,
24 106 S.Ct. 3229, 3234-35 (1986) ("the mere presence of a federal
25 issue in a state cause of action does not automatically confer
26 federal-question jurisdiction"); Britz v. Cowan, 192 F.3d 1101,

1103 (7th Cir. 1999) (Posner, J.) ("[A] state cannot expand federal jurisdiction by deciding to copy a federal law. . . . If it incorporates federal law into state law and then gets the federal law wrong, it has made a mistake of state law"). Thus, the fact that the disclosure requirements of Regulation Z are incorporated into the ASFA does not, in itself, confer federal jurisdiction over Plaintiff's ASFA claim.

In support of its argument, Defendant asserts that "plaintiff alleges backdating a contract can result in an inaccurate calculation of the APR, which may violate Regulation Z and thereby also violate the ASFA." Def's Opp'n, ECF No. 17, at 5. However, the accuracy of the calculation of the Annual Percentage Rate in a particular sales transaction does not raise a substantial question of federal law, but is, instead, based on a straightforward numerical calculation. See 12 C.F.R. § 226.14. Furthermore, determining which date to use as the starting date on the contract in order to calculate an accurate APR relies upon an interpretation of state law, not Regulation Z. See Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1065-66 (11th Cir. 2004) ("Regulation Z also provides that, when determining the point at which a consumer becomes contractually obligated to a credit agreement, state law should govern.") (citing 12 C.F.R. § 226, Official Staff Commentary 2(a)(13)). Thus, the need to evaluate the accuracy of the APR in Plaintiff's contract does not confer federal question jurisdiction over Plaintiff's ASFA claim.

Finally, Defendants argue that "a determination of federal law is determinative of plaintiff's state law claims" and that "if defendants complied with federal law, plaintiff's state law claims must fail." Def's Opp'n, ECF No. 17, at 7. An argument by Defendants that Defendants complied with federal law is a *defense* to Plaintiff's claims, and not a necessary element in establishing Plaintiff's prima facie case. As such, the federal issue presented in that defense is not sufficient to confer federal question jurisdiction over this case. See Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914).

For the foregoing reasons, Defendants fail to meet their burden of establishing that the court has jurisdiction over this case based on Plaintiff's ASFA claim.

### iii. Federal Arbitration Act

The court does not have subject matter jurisdiction over Plaintiff's claims based on either the FTC's Holder Rule or Regulation Z. Defendant's only remaining argument for assertion of federal subject matter jurisdiction in this case is based upon the Federal Arbitration Act, due to the existence of an arbitration clause in Plaintiff's contract. However, the Federal Arbitration Act cannot, by itself, establish federal question jurisdiction. Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 26 n.32, 103 S.Ct. 927 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal

12

1  substantive law establishing and regulating the duty to honor an
2  agreement to arbitrate, yet it does not create any independent
3  federal-question jurisdiction under 28 U.S.C. § 1331."). The
4  court, therefore, does not have federal question jurisdiction
5  over this case merely due to the arbitration agreement in
6  Plaintiff's contract.

7  For the foregoing reasons, Defendant has failed to meet its
8  burden of establishing federal jurisdiction in this matter and
9  removal was improper. The case is therefore remanded to the
10 Superior Court of Sacramento County.

11 **ii. Fees and Costs**

12 Plaintiff has requested the costs and expenses of removal,
13 pursuant to 28 U.S.C. § 1447(c). At the hearing on this motion,
14 counsel for Plaintiff specifically requested $20,000 total. See
15 Mins., ECF No. 25; see also Decl. Christopher Barry, ECF No. 15,
16 Attach. 2; Decl. Angela J. Smith, ECF No. 15, Attach. 3.

17 When remanding a case to state court, district courts may
18 "require payment of just costs and any actual expense, including
19 attorneys fees, incurred as a result of the removal." 28 U.S.C.
20 § 1447(c). The Supreme Court has held that attorneys' fees
21 should not be awarded automatically on remand, nor is there a
22 strong presumption that fees should be awarded. Martin v.
23 Franklin Capital Corp., 546 U.S. 132, 136-37, 126 S.Ct. 704, 163
24 L.Ed.2d 547 (2005). Rather, the Court held that fees and costs
25 should only be awarded where "such an award is just." Id. at
26 138. Accordingly, the Court concluded that "the standard for

awarding fees should turn on the reasonableness of the removal." Id. at 141. Specifically, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. The Ninth Circuit has clarified that a showing of bad faith on the part of the removing party is not required to award attorneys' fees under § 1447(c), and that "Congress has unambiguously left the award of fees to the discretion of the district court." Gotro v. R&B Realty Group, 69 F.3d 1485, 1487 (9th Cir. 1995); Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446-47 (9th Cir. 1992).

The court determines that the Defendant did not have an objectively reasonable basis for seeking a federal forum in this case. Although the ASFA incorporated Regulation Z by reference, it was unreasonable for Defendant to assume that any claim brought under ASFA was, in fact, a federal claim. Defendant's arguments that liability against Patelco could only be proven by reliance on the FTC's Holder Rule disregarded both the California Civil Code § 2983.5(a) and an express provision in the sales contract at issue. Finally, Defendant's reliance on the Federal Arbitration Act to establish federal jurisdiction was contrary to clearly established case law. Under the circumstances, defendants are required to pay reasonable costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c).

The court further determines that, based on an assessment

of the relative complexity of the questions presented in this motion and the time and labor therefore required, Plaintiffs should be awarded $3,000 for the costs incurred as a result of removal in this case.

**B. Motion to Compel Arbitration and to Strike Class Action Claims**

Because the court lacks subject matter jurisdiction in this case, it is unable to hear Defendant's motion to compel arbitration and to strike class action claims. Given the remand in this case, Defendant's motion to compel arbitration and to strike class action claims are no longer before the court.

## IV. CONCLUSION

Accordingly, the court orders as follows:

> [1] Plaintiff's motion to remand, ECF No. 15, is GRANTED.
>
> [2] Plaintiff's request for costs and fees, pursuant to 28 U.S.C. § 1447(c), is GRANTED. Defendants SHALL pay Plaintiffs $3,000.
>
> [3] The court lacks subject matter jurisdiction to hear Defendant's motion to compel arbitration and to strike class action claims, ECF No. 8. This motion is, therefore, no longer before the court.
>
> [4] The matter is REMANDED to the Superior Court of Sacramento County. The clerk is directed to close the case.

////

1     IT IS SO ORDERED.
2     DATED: January 23, 2012.
3
4                                    _____
5                                    LAWRENCE K. KARLTON
                                     SENIOR JUDGE
6                                    UNITED STATES DISTRICT COURT
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26